# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVID CHADWICK CRISP | ) | NO. 2:13-CR-16-1 |
| DAVID FRANK CRISP | ) | NO. 2:13-CR-16-2 |
| ROBERT WILLIE BUMGARNER | ) | NO. 2:13-CR-16-5 |
| _____ | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVID CHADWICK CRISP | ) | NO. 2:14-PO-4-1 |
| DAVID FRANK CRISP | ) | NO. 2:14-PO-4-2 |
| ROBERT WILLIE BUMGARNER | ) | NO. 2:14-PO-1 |
| _____ | ) | |

## MEMORANDUM AND ORDER

**THESE MATTERS** are before the Court on the three above-named defendants' Motions for Joinder and Consolidation. [CR-16 Doc. 120; PO-4 Doc. 13; PO-1 Doc. 8]. The defendants have moved to join and to consolidate for trial their pending petty offenses with their felony offenses charged in case number 2:13-CR-16. For the reasons that follow, the Court will deny the defendants' motions to join and consolidate.

## PROCEDURAL BACKGROUND, NO. 2:13-CR-16

Defendants David Chadwick Crisp ("D.C. Crisp"), David Frank Crisp ("D.F. Crisp"), Robert Willie Bumgarner, Tommy Gene Queen, and Mitchell Allen Jenkins, were named in various felony counts of an Indictment returned by the grand jury in this District on June 4, 2013. [CR-16 Doc. 1]. The defendants were charged with one conspiracy to violate wildlife laws and regulations as well as with individual substantive counts thereof. Additionally, defendant D.C. Crisp, was charged with two weapons offenses for having possessed different firearms on different occasions while being an unlawful user of and addicted to a controlled substance. [Id. at 6].

## PROCEDURAL BACKGROUND, NO. 2:14-PO-4

Defendants D.C. Crisp and D.F. Crisp were named in various counts of an eighteen-count Bill of Information filed by the United States Attorney in this District on May 22, 2014. [PO-4 Doc. 1]. The Information alleged these two defendants, while within the special territorial jurisdiction of the United States, committed numerous petty offenses in violation of National Park Regulations, National Forest Regulations, and North Carolina law by assimilation. [Id.].

**PROCEDURAL BACKGROUND, NO. 2:14-PO-1**

Defendant Bumgarner was named alone in a two-count Bill of Information filed by the United States Attorney in this District on May 22, 2014. [PO-1 Doc. 1]. The Information alleged Bumgarner, while within the special territorial jurisdiction of the United States, committed two petty offenses in violation of National Forest Regulations. [Id.].

**DISCUSSION**

In nearly identical motions and memoranda, each defendant has filed a "Motion for Joinder and Consolidation." [CR-16 Doc. 120; PO-4 Doc. 13; PO-1 Doc. 8]. The defendants seek to consolidate their pending petty offenses in cases numbered 2:14-PO-1 and 2:14-PO-4, with their felony offenses charged in case number 2:13-CR-16, and request that the Court try all matters in an single proceeding. The Government opposes the defendants' motions and has responded to them by memorandum filed July 11, 2014. [CR-16 Doc. 123].

Federal Rule of Criminal Procedure 13 sets forth succinctly the issues to be considered in consolidation: "The Court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants **could have been joined** in a single indictment and information." Id. (emphasis added). Typically, the

Court would next consider the joinder rule, Rule 8(a), and compare the offenses – "whether felonies or misdemeanors or both" – to determine if they are of a similar character, or are based upon the same transactions, or are part of common scheme. Fed.R.Crim.P. 8(a). In the present situation, the Court need not undertake the normal assessment of contrasting the character of all of the charges, with an eye toward identifying some commonality of purpose or plan among them, to determine whether they may be tried together. The nature of the two types of offenses alleged, petty offenses on the one hand and felony offenses on the other, fail Rule 13's preliminary requirement because all such offenses cannot be joined in a single indictment or information due to jurisdictional restrictions.

Petty offenses, by definition, consist of a group of offenses made up of infractions and of Class B and C misdemeanors. 18 U.S.C. § 19. Petty offenses are unique in that the punishment for violating any single petty offense cannot exceed more than six months' imprisonment. 18 U.S.C. § 3559(a)(7)-(9). Consequently, the Sixth Amendment jury trial right is not implicated when a defendant is charged with a petty offense. Frank v. United States, 395 U.S. 147 (1969) (notwithstanding the constitutional right to trial by jury in all criminal prosecutions, it has long been the rule that so-called petty offenses may be tried without a jury). Id. at 148; United States

v. Merrick, 459 F.2d 644, 645 (4th Cir. 1972) (there is no constitutional right to a trial by jury for a petty offense). With no constitutional jury trial right flowing to one accused of a petty offense, a magistrate judge's authority to preside over the trial of such a case does not violate the language or the spirit of the Constitution's Article III and its strict classification of those who may exercise constitutional (as opposed to statutory) judicial power.

Presumably because of these Constitutionally-based reasons inherent in the Sixth Amendment and Article III, Congress has chosen to give petty offenses different procedural treatment apart from felonies and Class A misdemeanors. In Chapter 219 of Title 18, United States Code, Congress has given exclusive and original jurisdiction over petty offenses to United States magistrate judges. "Any person charged with a misdemeanor, **other than a petty offense** may elect, however, to be tried before a district judge for the district in which the offense was committed." 18 U.S.C. § 3401(b) (emphasis added). The negative implication of the emphasized phrase, clearly, is that magistrate judges are the only judicial officers vested with exclusive jurisdiction to hear petty offenses. The fact that magistrate judges also enjoy original jurisdiction over petty offenses is borne out in the statutory section following § 3401 and the Rules of Criminal Procedure. Section 3402 explains that "[i]n all cases of conviction

by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U.S.C. § 3402. Further, the Rules of Criminal Procedure specifically mandate that if a petty offender convicted in magistrate court gives notice of appeal, she "is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed.R.Crim.P. 58(g)(2)(D).

The upshot of this judicial precedent, together with Congress' statutory framework and the federal criminal rules, therefore, establish that petty offenses fall within the exclusive purview of magistrate court while all other criminal offenses may be tried before the district court. In this matter, all of the offenses – petty and felonious – could not have been joined in a single indictment or information due to the Congress' division of jurisdiction between district and magistrate court based upon offense type. Any such indictment or information containing both petty offense charges and felony charges would be flawed and would, of necessity, require severance.

As set forth above, all of the offenses each defendant is charged with committing, beyond those listed in the Indictment filed in 2:13-CR-16, are

petty offenses.  The express language of Rule 13 prohibits their consolidation.  Thus, the defendants' motions must be denied.

## ORDER

Accordingly, **IT IS, THEREFORE, ORDERED** that defendant David Chadwick Crisp's Motion for Joinder and Consolidation [CR-16 Doc. 120], defendant David Frank Crisp's Motion for Joinder and Consolidation [PO-4 Doc. 13], and defendant Robert Willie Bumgarner's Motion for Joinder and Consolidation [PO-1 Doc. 8], are all **DENIED.**

**IT IS SO ORDERED.**

Signed: August 6, 2014

Martin Reidinger
United States District Judge